No. 2044.—S. O. NELSON & CO. *v.* THE HEIRS OF JOHN J. SCOTT.

Where the certificate of the Clerk to the record of appeal is in due form and the amount of the appeal bond is sufficient to cover costs, the appeal will not be dismissed on motion of the appellee.

The plea of prescription may be made in the Supreme Court, and when the record shows that the obligation sued upon is prescribed the plea will be maintained.

APPEAL from the Thirteenth District Court, parish of Tensas. *Hough*, J. *Mayo & Spencer*, for plaintiffs and appellees, *Leach & Lewis*, for defendants and appellants.

LUDELING, C. J. The appellees have moved to dismiss the appeal on the grounds that the record does not contain any note of evidence, statement of facts, bill of exceptions, nor assignment of errors of law on the face of the papers. That the record does not contain all the evidence adduced on the trial, and that the appeal bond is not such as the law requires, being in favor of the clerk of the court and the appellees.

The bond is for a devolutive appeal to secure the payment of costs. Having been made in favor of the clerk and appellees, we cannot conceive why the appellees should complain. The costs are fully secured. The addition of the names of the appellees was surplusage.

The certificate of the clerk is in due form, and although our mandate was issued to that officer at the instance of the appellees to cause him to amend his certificate so as to make it conform to the facts, he reiterated in his answer that his certificate was true and correct, and that he could not truthfully amend it. Besides, the plea of prescription has been filed in this court. The motion to dismiss is overruled. See Louisiana State Bank *v.* Cammack.

The appellants applied for an appeal by petition, in which they allege that they desired to appeal from the judgment against them in order to plead the prescription of five years in this court.

The plea was filed in this court and application has been made to have the case remanded to be tried on that issue.

The note sued on was due and exigible on the fifteenth February, 1861; the citations were all served on the defendants more than five years thereafter. The plea of prescription must be sustained. Smith *v.* Stewart et al., 21 An. p. 67.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed. It is further ordered that there be judgment in favor of the defendants, and that the plaintiffs pay the costs in both courts.